**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**TERRY BURGESS,**

      **Petitioner,**

**v.**                                 **Case No. 4:14cv10-RH/CAS**

**SECRETARY, DEPARTMENT OF**
**CORRECTIONS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On January 6, 2014, Petitioner Terry Burgess, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.   On July 31, 2014, Respondent filed an answer, with exhibits. ECF No. 11.   Petitioner filed a reply on October 22, 2014.   ECF No. 15.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.   *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

By amended information filed February 29, 2008, in case number

05CF04487, the State of Florida charged Petitioner, Terry Burgess, with

four counts in connection with events that occurred September 20, 2005:

(1) aggravated assault on a law enforcement officer, a second degree

felony, in violation of section 784.021 and 784.07(2)(c), Florida Statutes; (2)

felony fleeing or attempting to elude an officer, a second degree felony, in

violation of section 316.1935(3)(a), Florida Statutes; (3) driving while

license suspended or revoked, a third degree felony, in violation of section

322.34(2)(c), Florida Statutes; and (4) reckless driving causing serious

bodily injury.   ECF No. 11 Ex. A at 4.[1]   *See id.* at 1 (original information),

2-3 (amended informations).   Burgess proceeded to a jury trial on March 4,

2008.   Ex. B (transcript).   In response to defense counsel's motion for

judgment of acquittal (JOA) as to Count 3, the prosecutor conceded the

State had not put on enough proof to survive the JOA motion.   *Id.* at 129,

131.   The jury found him not guilty on Count 1 and guilty as charged on

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted
with Respondent's answer, ECF No. 11.

4:14cv10-RH/CAS

Counts 2 and 4.   *Id.* at 205-06; Ex. A at 69-71.   The court adjudicated him guilty and, on April 16, 2008, sentenced him to fifteen (15) years in prison on Count 2 and five (5) years of probation on Count 4.   Ex. A at 72-81.

Burgess appealed his conviction and sentence to the First District Court of Appeal (DCA), assigned case number 1D08-2248.   Ex. D (Initial Brief); Ex. E (Answer Brief).   On April 9, 2009, the First DCA per curiam affirmed the case without a written opinion.   Ex. F; Burgess v. State, 6 So. 3d 609 (Fla. 1st DCA 2009) (table).   The mandate issued on May 5, 2009. Ex. F.

On November 5, 2009, Burgess filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court.   Ex. G at 1-21.   An evidentiary hearing took place on February 10, 2012.   *Id.* at 31, 35.   Following the hearing, the court denied the Rule 3.850 motion.   *Id.* at 35.   Burgess appealed, pro se, to the First DCA and filed an initial brief in case number 1D12-856.   Ex. H.   The State filed an answer brief.   Ex. I.   On December 3, 2013, the First DCA per curiam affirmed the case without a written opinion.   Ex. J; Burgess v. State, 127 So. 3d 504 (Fla. 1st DCA 2013) (table).   The mandate issued

on December 31, 2013.   Ex. J.

In the meantime, on February 27, 2013, Burgess filed a petition for habeas corpus in the state trial court.   Ex. K at 1-8.   The trial court summarily denied the petition on March 1, 2013.   *Id.* at 9.   Burgess appealed to the First DCA and filed a brief in case number 1D13-1338. Ex. L.   The State filed a notice that it would not file an answer brief.   Ex. M.   The First DCA per curiam affirmed the case without a written opinion on July 1, 2013.   Ex. N; Burgess v. State, 116 So. 3d 1265 (Fla. 1st DCA 2013).   The mandate issued July 29, 2013.   Ex. N.

Also on February 27, 2013, Burgess filed another Rule 3.850 motion in the state trial court.   Ex. O.   That court summarily denied this motion on June 13, 2014.   Ex. P.   Burgess appealed to the First DCA, assigned case number 1D14-2974.   The First DCA per curiam affirmed the case without a written opinion on September 30, 2014.   Burgess v. State, 149 So. 3d 2 (Fla. 1st DCA 2014).

As indicated above, Burgess filed this § 2254 petition on January 6, 2014.   ECF No. 1.   Burgess raises three grounds, the first two of which allege ineffective assistance of counsel (IAC):

(1)   IAC – Trial counsel failed to convey a favorable plea offer
of 53.5 months.   *Id.* at 4.

(2)   IAC – Trial counsel failed to request DNA testing, which
would have revealed that someone else was driving the car.
*Id.*

(3)   Rule 52(B) Manifest Injustice – "The information filed by
the State wholly fails to charge Petitioner with any crime by
State and Federal," thus denying Petitioner due process of
law.   *Id.* at 5.

Respondent has filed an answer, with exhibits.   ECF No. 11.   Petitioner has

filed a reply.   ECF No. 15.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.   Section 2254(d)

provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person
in custody pursuant to the judgment of a State court shall not
be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of
the claim –

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   *See, e.g.,* Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011); Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).   "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"   Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).   This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."   Cullen, 131 S.Ct. at 1388.

For claims of ineffective assistance of counsel (IAC), the U.S. Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient.   This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.   Second, the defendant must show that the deficient performance prejudiced the defense.   This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.   To demonstrate ineffectiveness, a "defendant

must show that counsel's performance fell below an objective standard of

reasonableness." *Id.* at 688.   To demonstrate prejudice, a defendant

"must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694.   "A reasonable probability is a probability sufficient

to undermine confidence in the outcome." *Id.*   For this Court's purposes,

importantly, "[t]he question 'is not whether a federal court believes the state

court's determination' under the <u>Strickland</u> standard 'was incorrect but

whether that determination was unreasonable – a substantially higher

threshold.'" <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting

<u>Schiro v. Landrigan</u>, 550 U.S. 465, 473 (2007)).   "And, because the

<u>Strickland</u> standard is a general standard, a state court has even more

latitude to reasonably determine that a defendant has not satisfied that

standard." *Id.*   It is a "doubly deferential judicial review that applies to a

<u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

### <u>Ground 1:</u>   IAC – Failure to Convey Plea Offer

In his first ground, Petitioner Burgess argues his counsel, Clint

McCleod, provided ineffective assistance by failing to convey a pretrial plea

offer of 53.5 months.   ECF No. 1 at 4; Ex. G at 57.   Burgess asserts his

counsel knew about this favorable offer but did not notify Burgess, who

received a harsher sentence.   ECF No. 1 at 4.   Burgess raised this claim

in his Rule 3.850 motion in state court.   Ex. G at 3-5.   At the evidentiary

hearing, Burgess testified regarding proceedings that occurred before trial,

while he was represented by Mr. McCleod:

> I went to court and Judge Lewis asked the State did they
> have a plea offer for me.   And he said that – Mr. Tor Friedman,
> the State Attorney, he said that well his initial plea was, I think it
> was 53.6 months.   But he said since I had caught another
> case, he wanted at least 60 months.   But I told Mr. McCleod
> that I never heard about the 53 month plea offer.
>
> And I also told him that I was willing to take the five year
> plea.   And they set it off.   They set it off for I think it was
> another case management.   But when I came back, it was –
> they set it up for me to pick a jury. . . .

Ex. G at 58.   Burgess testified that his understanding of the plea was "a

53.6 months plea that he said was his initial plea, but I never heard

anything about it," and Burgess told McCleod he would have accepted that

plea.   *Id.* at 59-60.

In denying the claim, the state post-conviction trial court judge made

the following findings on the record at the conclusion of the evidentiary

Page **9** of **21**

hearing:

> I do not find that the defense has proven that there was a plea
> offer made to counsel that was not conveyed to the defendant
> that the defendant would have accepted and that would have
> resulted in a lesser sentence.
>
> The failure on the defense part, I guess, is two-fold.   First, I
> don't believe they've proven – in fact, I think it's been shown to
> the contrary that no plea offer was made to Mr. McLeod [trial
> defense counsel].   The plea offer apparently was made to
> some earlier counsel that's – I don't know that that totally
> affects the claim, but I think it's clear that it was not Mr. McLeod
> that received the illusive plea offer that we now have.
>
> But I think the more difficult problem for the defense is that the
> second prong, that the defendant would have accepted the plea
> offer.   I accept Mr. McLeod's testimony and reject Mr. Burgess'
> testimony on the point as to that early on, or during the time
> when Mr. McLeod was representing him that he would have
> accepted a 53 month plea offer.
>
> I think it's pretty clear what has happened is that in January of
> 2008, Mr. Burgess picked up a new case and a combination of
> now having a new similar case and the imminence of trial was
> when Mr. Burgess changed his tune as to the plea.   I think the
> testimony by Mr. McLeod is pretty clear and is logical and
> makes sense.   Mr. Burgess, as he got closer to trial, facing two
> trials, not one trial, began to have a change of heart.   I think it's
> clear that as of when this trial started Mr. Burgess would have
> accepted a 60 month DOC plea.
>
> It is my finding, based upon the compilation of everything that's
> been presented and said, there never was a 60 month plea
> conferred by the State.   But that was what the defendant
> believed had conveyed that he would accept.   I think it's pretty

> clear from Mr. Jensen-Friedman's testimony, I mean the day
> after the February 13, 2008 hearing, where they're discussing
> the possibility of a 60 month prison sentence, the very next day
> he conveyed the State's plea offer, which at least we
> understand what it was at that point, 15 PRR.   There's been no
> suggestion that Mr. Burgess would have accepted that plea of
> 15 years prison releasee reoffender.   That was what the plea
> was available to him by the time he had a change of heart, and
> therefore I find that there has been no ineffective assistance of
> counsel.

*Id.* at 118-19.   The court entered a written order the same day denying the

Rule 3.850 motion and explaining "[b]ased on the reasons as announced

on the record, . . . the defendant has failed to show that he received

ineffective assistance of counsel or that he was prejudiced by any alleged

deficiency."   *Id.* at 37.   This ruling, affirmed on appeal without opinion, is

entitled to deference and review is limited to the record before the state

court.   *See* Cullen, 131 S.Ct. at 1388.

The record supports the state court's findings.   *See* Ex. G at 76-77.

In particular, at the evidentiary hearing, defense counsel McLeod testified

Burgess wanted to go to trial:

> Q   Do you remember anything about the plea offers that
> were made and that you were aware of in the case?
>
> A   Well, I knew he had about four or five attorneys before
> me and I know he had an attorney after me.   And I know that

> we talked about some plea offers, so I forget what they were to
> the extent.   But I know he didn't want an offer pretty much.
> You know, he wanted a trial because he said he was innocent.

*Id.* at 74.   McLeod testified he remembered a plea offer of 15 years as a

PRR but he did not particularly recall an offer of 43 months or 5 years;

McLeod testified, "He had about five other attorneys."   *Id.* at 76; *see id.* at

78, 81-83.   McLeod further explained Burgess's desire to go to trial:

> Q   Now, you indicated – what was Mr. Burgess' – you indicated
> something about Mr. Burgess' attitude about taking a plea or
> going to trial.   What was his position with you?
>
> A   Well, with me, I think there was someone else who had
> driven the car, it was his cousin or friend, somebody in juvenile
> facility, and he was the one who allegedly was driving the car,
> so he wasn't – so my client didn't feel he was guilty because
> like he said he wasn't driving.
>
> Q   All right.   So Mr. Burgess had always maintained his
> innocence; is that correct?
>
> A   To me, he had, yes.
>
> Q   And had he ever gave any indications he wanted to take
> any plea offer?
>
> A   No, he did not.
>
> Q   He always insisted on a trial?
>
> A   He always insisted that he was innocent.

Q   Okay.   And that he didn't want a – and I'm guessing.   Did he always insist that he wanted to go to trial as opposed to take a plea offer?

A   Well, near the end he did say he would take an offer that was reasonable, but not 15 years.   I mean, I think he wanted five years or something down low, but he wasn't willing to take 15 years.   And by that time the State Attorney had dug his heels in the sand and said it's 15 years or nothing.

Q   Okay.   So at some point after he had previously rejected the plea offers by wanting to go [to] a trial, all of a sudden it got close to time for trial and he decided he may want to plea?

A   Near the end, yes.

Q   Okay.   But no agreement was ever reached with the State?

A   No, it wasn't.

*Id.* at 76-77.

In addition, the trial prosecutor, Tor Jensen-Friedman, also testified at the evidentiary hearing regarding plea offers.   Mr. Jensen-Friedman testified, "The only one I recall is he was PRR, and I believe it was 15 years, so that was the offer."   *Id.* at 93; *see id.* at 96.   Jensen-Friedman did not initially recall any offers of 53 months or 43 months or 5 years.   *Id.* at 93-94, 97.   On further questioning, Jensen-Friedman indicated there was an initial offer of 53 months, but Burgess did not take it and then

Burgess "picked up a new offense and that changed whatever his score

sheet was going to be and what my offer was going to be."   *Id.* at 98; *see*

*id.* at 101-02.

Although Burgess testified that the prosecutor made a plea offer of

53.6 months, which Burgess told McLeod he would have taken, the post-

conviction trial court judge accepted the testimony of McLeod and Jensen-

Friedman that Burgess did not want to take a plea at that point and it was

not until Burgess picked up another charge and got closer to trial that

Burgess indicated a willingness to accept a plea; however, by that time, the

State was offering only a 15-year sentence as a PRR, which Burgess did

not want to accept.   The state post-conviction trial court sits as the fact-

finder and determines witness credibility in Rule 3.850 proceedings.   *See,*

*e.g.*, Consalvo v. Sec'y for Dep't of Corr., 664 F.3d 842, 845 (11th Cir.

2011) ("Determining the credibility of witnesses is the province and function

of the state courts, not a federal court engaging in habeas review."); Smith

v. State, 697 So. 2d 991, 992 (Fla. 4th DCA 1997); Fla. R. Crim. P.

3.850(d).   "Federal habeas courts have 'no license to redetermine

credibility of witnesses whose demeanor was observed by the state court,

but not by them.'"   Consalvo, 664 F.3d at 845 (quoting Marshall v.

Lonberger, 459 U.S. 422, 434 (1983)).

Burgess has not shown that the state court's adjudication of this

ground involved an unreasonable application of clearly established federal

law or that it based on an unreasonable determination of the facts.   *See* 28

U.S.C. § 2254(d)(1)-(2).   Accordingly, this ground should be denied.

### Ground 2:   IAC – Failure to Request DNA Testing

In his second ground, Petitioner Burgess asserts defense counsel

was ineffective for not requesting DNA testing, which he alleges "would

have revealed that someone else was driving the car."   ECF No. 1 at 4.

Burgess raised this claim as the third ground in his Rule 3.850 motion in

state court.   Ex. G at 7-8.   In denying the claim, the state post-conviction

trial court judge made the following findings on the record at the conclusion

of the evidentiary hearing:

> Claim 3, failure to request a DNA sample by Mr. Boothe, there's
> been no showing of prejudice.   And frankly, I think both Claim
> 3, the DNA, and Claim 11, which relates to the investigative –
> investigation of witnesses, is frankly a result of Mr. Burgess
> hiring Mr. Boothe to start representing him as the trial started.
>
> No conceivable way that a DNA sample could have been done
> when the jury selection of March 3rd for a trial on March 4th.

> He was privately retained, as I understand, by Mr. Burgess, to
> come into the case.   So I deny that claim.

*Id.* at 120.   This ruling, affirmed on appeal without opinion, is entitled to

deference and review is limited to the record before the state court.   *See*

<u>Cullen</u>, 131 S.Ct. at 1388.

The record supports the state court's findings.   In particular, Burgess

testified at the evidentiary hearing that he hired his trial attorney, Mr.

Boothe, on March 3, 2008, the day of the jury selection and one day before

his trial started.   Ex. G at 70-72.   Thus, the state court reasonably found

there was "[n]o conceivable way that a DNA sample could have been done"

in time for the trial.   *Id.* at 120.

Burgess has not shown that the state court's adjudication of this

ground involved an unreasonable application of clearly established federal

law or that it based on an unreasonable determination of the facts.   *See* 28

U.S.C. § 2254(d)(1)-(2).   Accordingly, this ground should be denied.

### <u>Ground 3</u>:   **Charging Information**

In his third ground, Petitioner Burgess argues the charging

information fails to charge him with any crime.   ECF No. 1 at 5.   Burgess

raised this claim in state court, in a petition for writ of habeas corpus filed in

the trial court.   Ex. K at 1-8.   The state court denied the claim:

> Defendant's only claim is that his name was not properly
> included in each count of the information.   Since this claim is
> unrelated to the postconviction matter currently on appeal, it
> would not divest the appellate court of jurisdiction to rule on this
> issue.   Claims as to the technical sufficiency of the information
> must be raised on direct appeal.   Fla. R. Crim. P. 3.850(c).
> Aside from the technical bar, the Court has reviewed the
> information in question and it is legally sufficient.   (Attachment
> A, information)   See, Desmond v. State, 576 So. 2d 743 (Fla.
> 2d DCA 1991); Rigell v. State, 782 So. 2d 440 (Fla. 4th DCA
> 2001).

*Id.* at 9; *see id.* at 11.

A review of the record supports the state court's findings, denying this

claim.   The record contains copies of the amended information used for

trial, filed in open court on February 29, 2008.   Ex. A at 4; *see id.* at 1

(information) and 2-3 (amended informations).   The document identifies

the Petitioner, Terry D. Burgess, as the Defendant in the case and

includes, in the caption, the Petitioner's name, race and gender, date of

birth, and Social Security number.   Ex. A at 4.   The amended information

charges "the above-named defendant" with four counts:

> COUNT I:   On September 20, 2005, did unlawfully, knowingly
> and intentionally make an assault upon a law enforcement
> officer, Florida Highway Patrol Trooper John Castleberry, while
> engaged in the lawful performance of duty, by threatening to do

violence to the officer with a motor vehicle, a deadly weapon, creating a well founded fear to the officer that such violence was imminent, contrary to Sections 784.021 and 784.07(2)(c), Florida Statutes.

COUNT II:   On September 20, 2005, did unlawfully and willfully flee or attempt to elude Florida Highway Patrol Trooper Snead, a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated, and during the course of the fleeing or attempted eluding drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property, contrary to Section 316.1935(3)(a), Florida Statutes.

COUNT III:   On September 20, 2005, did unlawfully drive a motor vehicle upon a highway of this state knowing that his or her driver's license or driving privilege was cancelled, suspended, or revoked as provided by law, and the defendant has been convicted on two or more occasions of driving while license suspended or revoked including Leon County cases 2000CT41993 and 2000CT44380, contrary to Section 322.34(2)(c), Florida Statutes.

COUNT IV:   On September 20, 2005, did drive a vehicle in willful or wanton disregard for the safety of persons or property, and by reason of such vehicle operation caused serious bodily injury to Mary Schmidt, contrary to Section 316.192(3)(a)2, Florida Statutes.

*Id.*   This information thus identified Burgess as the defendant, set forth the

charged crimes and essential facts, cited the statutes he allegedly violated,

and was not "so vague, indistinct, and indefinite as to mislead the accused

and embarrass him . . . in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense."   Fla. R. Crim. P. 3.140(o); *see* <u>Carbajal v. State</u>, 75 So. 3d 258, 262-63 (Fla. 2011) (citing Rule 3.140(o) and explaining that "while a charging instrument is essential to invoke the circuit court's subject matter jurisdiction, 'defects in charging documents are not always fundamental where the omitted matter is not essential, where the actual notice provided is sufficient, and were all the elements of the crime in question are proved at trial'" (quoting <u>State v. Gray</u>, 435 So. 2d 816, 818 (Fla. 1983))).

Moreover, to the extent Burgess asserts the state court erred in any decision concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state law."   <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990); *see* <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief).   "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."   <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g.*, <u>McCullough v. Singletary</u>, 967

F.2d 530, 535 (11th Cir. 1992).   *See also, e.g.*, <u>Heath v. Jones</u>, 863 F.2d 815, 821 (11th Cir. 1989) ("The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction.   That is not the case presented here.   An examination of the indictment . . . shows that it incorporated the elements of the offense of armed robbery, named the complaining witness and sufficiently described the circumstances of the alleged robbery.   The indictment was not fatally defective, for it adequately informed Heath of the charge he was called upon to defend, and the state trial court was not deprived of jurisdiction.").

Based on the foregoing, Burgess has not shown the state court rulings rejecting his claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

## <u>Conclusion</u>

Based on the foregoing, Petitioner Terry Burgess is not entitled to federal habeas relief.   The § 2254 petition (ECF No. 1) should be denied.

## <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed.

R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 10, 2016.


**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**