IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRY BURGESS,

    Petitioner,

v.        CASE NO. 4:14cv10-RH/CAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____/

## ORDER DENYING THE PETITION AND
## DENYING A CERTIFICATE OF APPEALABILITY

    This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 16, and the objections, ECF No. 19. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with this additional note.

    A Florida jury convicted the petitioner Terry Burgess on two counts; felony fleeing and eluding an officer and reckless driving causing serious bodily injury. Mr. Burgess retained a new attorney the day before the trial. He now asserts,

among other things, that the attorney rendered ineffective assistance by failing to move for continuance to obtain DNA testing. Mr. Burgess asserts DNA testing would have shown he was not the driver of the car at issue.

The state collateral court concluded the attorney had insufficient time to obtain DNA testing. The report and recommendation concludes this is a reasonable finding. Indeed it is. A DNA test cannot be authorized, conducted, and yield results in a single day. But this does not fully answer the contention that the attorney should have moved for a continuance.

Even so, Mr. Burgess has not alleged facts sufficient to require an evidentiary hearing in this court. The case went to trial more than three years after the events at issue. Mr. Burgess has not alleged facts suggesting it still would have been possible to find the car, much less to conduct a meaningful DNA test—a test that, even if it turned up none of Mr. Burgess's DNA on the steering wheel, would have suggested he did not drive the car so long ago. Moreover, Mr. Burgess has not alleged facts suggesting a motion to continue the trial for this purpose would have had any chance of success. A farfetched motion filed by a newly retained attorney on the eve of trial rarely results in a continuance.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

    1.  The report and recommendation is ACCEPTED.

    2.  The clerk must enter judgment stating, "The petition is DENIED with prejudice."

    3.  A certificate of appealability is DENIED.

    4.  The clerk must close the file.

SO ORDERED on September 5, 2016.

                               s/Robert L. Hinkle
                               United States District Judge